IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03319-PAB

ROBERT O. CARR,
TWENTY ON 23 RD, LLC,
TOWNHOMES ON CONEJOS, LLC,
FOUR ON LOWELL BLVD, LLC, and
SIXTEEN ON IRVING STREET, LLC,

    Plaintiffs,

v.

RICKI WELLS (A/K/A RICK WELLS),
RISE DEVELOPMENT LLC, and
ADVANCED EQUITY, LLC,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on the Complaint [Docket No. 1]. Plaintiffs assert that the Court has jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 12.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to

do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiffs assert that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Docket No. 1 at 3, ¶ 12. Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The facts as presently alleged are insufficient to establish the citizenship of defendants Rise Development, LLC ("Rise") and Advanced Equity, LLC ("Advanced Equity").

The complaint alleges that defendant Rise is a Colorado limited liability company with its principal place of business in Arizona. Docket No. 1 at 2, ¶ 5. The complaint alleges that defendant Advanced Equity is an Arizona limited liability company with its principal place of business in Arizona. *Id.,* ¶ 6. The complaint alleges that defendant

2

Ricki Wells ("Wells"), a citizen of Arizona, is the "managing member and sole owner" of defendants Rise and Advanced Equity. *Id.*, ¶¶ 5-6. Plaintiffs' allegation that Wells is the "sole owner" of Rise and Advanced Equity is insufficient. *See id.* The citizenship of a limited liability company is determined by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Wells' status as the sole owner does not necessarily make him the sole member since he could own the defendant LLCs through other entity members. Plaintiffs have the burden to show subject matter jurisdiction and therefore must identify the members of the defendant LLCs and the citizenship of their members.

Because the allegations are presently insufficient to allow the Court to determine the citizenship of defendants Rise and Advanced Equity and whether the Court has jurisdiction,[1] *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), it is

---

[1] The consent of Wells and Rise to the jurisdiction of this Court, *see* Docket No. 1 at 3, ¶ 13, is immaterial for the purposes of subject matter jurisdiction. *See Ins. Corp. of Ir.*, 456 U.S. at 702.

**ORDERED** that, on or before **February 12, 2021**, plaintiffs shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED February 1, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge